CASE No. 05-15-00665-CR

IN THE COURT OF APPEALS

FIFTH DISTRICT OF TEXAS AT DALLAS

RECEIVED
Court of Appeals

JUN 22 2015

Lisa Matz
Clerk, 5th District

GARY EUGENE SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

ON APPEAL FROM THE 282nd JUDICIAL

DISTRICT COURT, DALLAS COUNTY, TEXAS

TRIAL COURT NO. F00-45450-S

PURSUANT TO ARTICLE 52.02

APPELLEE AFFIDAVIT

This is concerning that I was convicted of aggravated sexual assault. That is what my judgment reflects. But the Language that was on the Memorandum Opinion that I was convicted of aggravated sexual assault of a child. THIS IS A FALSE AND HIGHLY PREJUDICE STATEMENT. I AM REQUESTING THAT THIS LANGUAGE BE OFF OF MY DOCUMENTS FROM THIS COURT. AND OUT OF THE COMPUTER. AND I AM REQUEST VERIFICATION THAT THIS IS OFF OF MY DOCUMENTS.
Thank you Justice Evans.

1-of-2

## CERTIFICATE OF SERVICE

I here by certif that a true and complete copy of the fore going motion for Affidavit was via regular mail served upon the District clerk of The fifth court of Appeals at 600 Commerce St. Dallas Texas, 75202.

BY GARY EUGENE SIMS, Appellant in this case.

_____ 1029968, 6-15-2015

## UNSWORN DECLARATION

I under the Penalty of Perjury Declares that all Facts Presented in Document are true and Correct.

Signed this day by GARY EUGENE SIMS on this the ___15___ day of June 2015.

_____

GARY EUGENE SIMS
I.D. #1029968
Connally unit
Kenedy Tex. 78119

2-of-2

**WRIT NO. W00-45450-S(A)**

| | | |
|---|---|---|
| EX PARTE | § | IN THE 282nd JUDICIAL |
| | § | DISTRICT COURT |
| GARY EUGENE SIMS | § | DALLAS COUNTY, TEXAS |

## STATE'S RESPONSE TO APPLICATION
## FOR WRIT OF HABEAS CORPUS

The State, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus in the above numbered and entitled cause, makes the following response:

## I.

## HISTORY OF THE CASE

A jury convicted Applicant of the offense of aggravated sexual assault and assessed punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. The Court of Appeals affirmed his conviction in an unpublished opinion. (*See Sims v. State*, Nos. 08-01-00121-CR, attached hereto and incorporated herein as Exhibit 1). This is his first Application for Writ of Habeas Corpus.

*TO me on 4-7-03*

1

CASE NO. 05-15-00665-CR

IN THE COURT OF APPEALS
FIFTH DISTRICT OF TEXAS AT DALLAS

GARY EUGENE SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

ON APPEAL FROM THE 282nd JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS, TRIAL COURT NO. F00-45450-S

PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE
RULE, 64, MOTION FOR REHEARING EN BANC

APPELLANT REQUEST AN EN BANC REHEARING

EXHIBIT ATTACH

(1). COPY of Order that the court did not entered.

(2). Request for setting.

(3). Objection, under Texas Rule of App. Proc. 44.4.

(4). COPY of motion for Evidentiary Hearing
and Discovery.

(5). This court have my case History wrong
see Exhibit of case History.

(6). Affidavit concerning case History.

TO THE HONORABLE JUDGE OF SAID COURT:
Now comes EXPARTE, GARY EUGENE SIMS,
Appellant. In the above styled and numbered
case makeing this said motion for En Banc
Reconsideration of Righs to Appeal said Order.

This Honorable court, state's we first note that
although appellant states the trial court denied
his motion on April, 21, 2015, We have no record
of a written Order having been entered.

"See EXHIBIT OF ORDER ATTACH TO MOTION"
"The Trial Court is Playing Dirty Pool". That is
so Prejudice the Substantial Right of the
Appellant by violated a duty Impesed by law
By not so Entering the ORDER on Record.

JURISDICION OVER POST-CONVICTION
WRITS OF HABEAS CORPUS

See, Ex parte, Villanueva, 252, SW3d, 391 (Tex. Crim. App 2008)

Background: Applicant sought writ of habeas
corpus. The 398th District Court, Hidalgo County,
Aido Salinas Flores, J. Summarily denied the said
application, as being frivolous. Applicant appealed.
The corpus christi-Edimburg court of Appeals, 2006
WL 2382767, dismissed the appeal, based on
lack of Jurisdiction. Discretionary review was
Granted.

Holding: The Court of Criminal Appeals, Keasler, J. held that an order of a district court summarily denying, as frivolous, an application for writ of Habeas Corpus seeking relief from an order or Judgment of conviction ordering community supervision in a felony or misdemeanor case "is appealable."

See. 252 SW3d 391, I.D. 94; Article.1 section.12. To the Texas constitution commands: "The writ of Habeas Corpus is a writ of right, and shall never be suspended." It further directs the Legislature to "enact laws to render the remedy speedy and effectual" Article.V, section.8, to the Texas constitution confers district courts with "exclusive, appellate and original Jurisdiction of all actions, proceedings, and remedies. Also see EX Parte Hargett 819, SW2d 866 (Tex. Crim. App. 1991)

Appeal can be had from district court order denying applicant for Habeas corpus relief on merits of his claim. Vernon's Ann. Texas const. Art, 5, §8; Vernon's Ann. Texas C.C.A. art. 44.02, and Texas Rules of App. Proc. Rule 44.

# CERTIFICATF OF SERVICE

I here by certif that a true and complete copy of the fore going motion for Rehearing was via regular mail served upon the District Clerk of The Fifth Court of Appeals at 600, Commerce St. Dallas Texas, 75202. BY GARY EUGENE SIMS, Appellant in this case.

#1029968, June, 15 2015

## UNSWORN DECLARATION PURSUANT TO U.S.C. 1746

Appellant under the penalty of perjury Declares that all facts presented in Document are true and correct. Signed this day by GARY EUGENE SIMS on this the __15__ day of June 2015.

GARY EUGENE SIMS
T.D.C.J. I.D.#1029968
Connally Unit
Kenedy Tex. 78119

Cause Number: W00-45450-S(D)

| EX PARTE | § | IN THE 282ND JUDICIAL |
| GARY EUGENE SIMS, | § | DISTRICT COURT |
| Applicant | | |
| | § | DALLAS COUNTY, TEXAS |

## ORDER

Applicant, Gary Eugene Sims, has filed a *pro se* objection to the trial court's ruling recommending denial of Applicant's application for writ of habeas corpus without holding an evidentiary hearing. Applicant contends he is entitled to an evidentiary hearing and discovery.

The Court finds that Applicant's writ application was dismissed by the Court of Criminal Appeals January 18, 2012, and is no longer pending.

**IT IS THEREFORE ORDERED** that Applicant's request for an evidentiary hearing and discovery is **DENIED.**

The Clerk of this Court is directed to forward a copy of this order to the Applicant, Gary Eugene Sims, TDCJ #1029968, Connally Unit, 899 FM 632, Kenedy, TX 78119.

**SIGNED** this ___21___ day of April, 2015.

AMBER GIVENS-DAVIS, JUDGE
282ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

F-0045450-PS

To: Elda Olivas, 282nd, District Court coordinator

RE: Caus No F-0045450-PS: MOTION FOR EVIDENTIARY HEARING, DISCOVERY

FILED
2015 APR 14 PM 4:03
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

GARY EUGENE SIMS VS. THE STATE OF TEXAS

REQUEST FOR SETTING

Dear court coordinator,

I've filed a motion for an Evidentiary Hearing in cause # F-0045450-PS.

Please contact Jude, Andy Chatham and so schedule this motion for Hearing as soon as Possible, I'm Proceeding Pro se. I'll need to give testimony concerning controverted, Previously unresolved facts of Asserted Actually Innocent, And call witnesses. I am Requesting to be brought before the court so I can have the opportunity to fully develope and resolve the matter, raised by this motion.

Please confer with Judge, Chatham, Andy and make the necessary arrangements.

Thank you for your attention to this matter.

With the Utmost Respect.

GARY EUGENE SIMS #10 1029968 _____ 4-8-2015
J.B. Connally Unit, 899, F.M.
632, Kenedy Tex. 78119

NO. F-0045450-PS

GARY EUGENE SIMS : IN THE 282nd. JUDICIAL DISTRICT

VS. :

FILED
2015 APR 14 PM 4:03
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

THE STATE OF TEXAS : COURT OF DALLAS COUNTY, TEXAS

DEFENDANT'S OBJECTION UNDER TEXAS RULE OF APPELLATE PROCEDURE 44.4 OF TRIAL COURT'S DENYING APPLICATIONS FOR WRITS OF HABEAS CORPUS WITHOUT HOLDING EVIDENTIARY HEARING ON CONTROVERT UNRESOLVED FACTUAL ISSUES ASSERTED ACTUALLY INNOCENT AND MADE NO FACT-FINDING ON GENUINE FACTUAL ISSUES OF ACTUAL INNOCENCE AND CONCLUSIONS OF LAW BY THE COURT ON THE FACT AT ISSUE.

MOTION FOR EVIDENTIARY HEARING ON CONTROVERT UNRESOLVED FACTUAL ISSUES OF ASSERTED ACTUALLY INNOCENT, PURSUANT TO ART. 11.61; ART. 11.07. (3)(d) AND ART. 1.051

1-of-8

No. F-0045450-PS

GARY EUGENE SIMS : IN THE 282nd. JUDICIAL DISTRICT

VS. :

THE STATE OF TEXAS : COURT OF DALLAS, COUNTY, TEXAS

## OBJECTION TO ADVERSE RULING UNDER TEX. R. APP. P. 44, 4, OF TRIAL COURT'S DENYING WRIT OF HABEAS CORPUS WITHOUT HOLDING EVIDENTIARY HEARING

To The HONORABLE JUDGE OF SAID COURT:
Comes now EX Parte GARY EUGENE SIMS, defendant in the above styled and numbered cause makeing this said Objection, seeking Evidentiary Hearing, will show unto the court the following:
"On september, 28, 2011, In the Habeas action, The trial court so ORDER DESIGNATING ISSUES" of Affirmative Evidence of Defendant asserted a claim tha he is Actually innocent, Under Schlup, 115, S. Ct. 851, (1995) Citing Standard of Kuhlmann v. Wilson, 477, U.S. 436, 106, S. Ct. 2616 (1986).

"The trial court state's" Having considered the APPlicants Application for writ of Habeas Corpus and the state's Response, The court Finds that controverted, previously unresolved Facts, material to the Legality of the APPlicant's confinement Exist." Now under" TEX. R. APP. P. 44, 4 (c1)(1)"; And Art. 11.05, & Art. 11. 61.

### POINT OF ERRORS

One; Trial court Error's, By failure to file Required findings on the Issues.

Two; Trial court Erred by not Holding Evidentiary Hearing in determinations of credibility and veracity facts.

Three; DISCOVERY of Exculpatory Photograph of the Alleged Victim at defendant Home.

Four; Denied Due Process Rights under Fifth, Sixth and Fourteenth Amendments.

Five; violated Clearly Established Federal law, Supreme court.

Six ; Discovery of Exculpatory Picture.

2-of-8

The trial court violated Art. 11.07, sec. 3, (d) citing Art. 26.5) And court appoint's April E. Smith to resolve facts issues. The factfinding procedure employed by the State court was not adequate to afford a full and fair hearing. And also in deprivation of defendant constitutional right failed to appoint counsel to represent him in the State court proceeding. Due Process requires a hearing. The denial

of a full and fair hearing denied defendant of his Due Process Rights under the Fifth, Sixth and Fourteenth Amendments to a full and fair hearing in a court of law on the issue of actually innocent, Pursuant to Tex. Code Crim. Proc. Ann. ch.11, contemplates on evidentiary hearing with live testimony that is most likely subject to the rules of evidence. Tex. Code Crim. Proc. Ann. Art. 11.48 (2005), States that Proof shall be heard accordingly, both

for and against the applicant for relief. Tex. Code Crim. Proc. Ann. Art. 11.44, directs a court to proceed according to the facts and circumstances after it has heard the testimony offered on both sides. Citing Ex Parte Franklin V. State, Tex. App. 9th. Dist. Beaumont 310 sw3d 918, LEXIS, 3350, 2010, See, Hall V. Quarterman, 534 F.3d 365 (5th Cir. 2008); The Supreme court held that the court must also "consider whether such a hearing could enable an applicant to Prove the Petition's factual allegations, which, if true, would entitle the applicant to relief. The applicant is entitled to an evidentiary hearing on the issue, see id. at 313, 83. S.Ct. at 756; Blackman V. Scott, 22 F3d 560, 567 & n. 28 (5th Cir. 1994) (Concluding that an evidentiary hearing on factual issues underlying a habeas claims was required because the State court made no "fact-findings on the issues", see Townsend V. Sain, 372 U.S. 293, 312-13. 9 L.Ed.2d 770, 83 S.Ct. 745 (1963).

In a showing that trial court abuses its discretion in not holding an evidentiary hearing, violated, Tex. code Crim.Proc. Ann. Art. 11.61, Art. 11.07, Sec.(3)(d);&, Art.1.05" And trial court decision was contrary to clearly Established Federal law as determined by the supreme Court." see Valdez V. Cockrell 274 F3d 941 (5th cir. 2001), Citing the (1) To(7) Standard of Townsend V. sain, 372 U.S. 293, 313-14, 83, S.Ct. 745, 756-57, 9 L.Ed. 2d 770 (1963). Id. 274F3d 963 (1) That the merits of the factual dispute were Not resolved In the state court hearing. [Trial court violated](2); That the factfinding Procedure employed by the State Court was not adequate to afford a full and fair hearing. (5), That the applicant was an Indigent and the State court, in deprivation of his constitutional rights failed to appoint counsel to represent him in the state court Proceeding. (7), That the applicant was otherwise denied due Process of law in the state court Proceeding." In Federal court, when due Proof of such factual determination has been made, unless the said existence of one or more of the circumstances respectively set forth in Paragraphs (1) To(7), or Inclusive. is shown by the applicant, under Townsend, 372 U.S. 293, 83 S.Ct. 745 (1963)

The fundamental requirement of Due Process is the opportunity to be heard at a meaningful time and in a meaningful manner. The State court decision Denying defendant an Evidentiary Hearing on Fact Issue of being actually Innocent was contrary to clearly-established law federal law.

The State court's decision to deny defendant the right to confrontation and cross examination in determining whether he was Actually Innocent Under Schlup, 115 S.Ct. 851 (1995), Citing Kuhlmann V. Wilson, 477 U.S. 436, 106 S.Ct. 2616 (1986), was contrary to clearly-established federal" law and looking to federal law of due process and the

Right of cross examination and confrontation as announced by the Supreme Court. I am peruaded that the relevant law is clear, and dictates the conclusion that the state court's decisional process was so to this clearly-established law. The life sentence of a defendant, determined without evidentiary hearing cross examination to resolve disputed material facts, here Violates the core Principles of due Process and SIMS's right of confrontation as announced by the Supreme court. The Facts disputed to resolve. In this case are credibility and veracity of the state's only witness the alleged victim. "The Supreme court state's there is nothing new here this court has Consistently held that evidentiary hearing are essential for determinations of credibility" see

Richardson V. wright, 405 U.S. 208, 219, 92 s. Ct. 788, 31 L. Ed 2d 151 (1972) (Brennan, J. dissenting) (Citing Goldberg v kelly, 397 U.S. 254, 90. S. Ct. 1011, 25 L. Ed 2d 287 (1970) (The right to cross examination rests largely on "credibility and veracity" i.e, where "facts are at issue").

"Unresolved Facts of Innocence", "Affecting Witness's Credibility"

Defendant argues that an Evidentiary Hearing as a Sixth Amendment Right to the United States Constitution Guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. U.S. CONST. amend. VI; Davis v. Alaska, 415 U.S. 308, 315, 94 S. Ct. 1105, 1110, 39 L. Ed 2d. 347(1974), see also Rankin v. State, 41 SW3d 335, 344 (Tex. App-Fort Worth, 2001 pet. refd.). The right of confrontation "encompasses more" than the opportunity to physically confront the witnesses, Davis, 415 U.S. at 315, 94 S. Ct. at 1110. A primary interest secured by the Confrontation clause is the right of cross-examination Id. 94 S. Ct. at 1110. Cross-examination is the principal means by which the believability of a witness and the truth of her testimony are tested. Id. at 316, 94 S. Ct. at 1110. The cross-examiner not only is permitted to delve into the witness's story to test the witness's perceptions and memory, but also is traditionally allowed to impeach, i.e. discredit the witness. Id. Hence, the right to cross-examine a testifying state witness extends to any matter that could reflect on the witness's credibility, Virts v. State, 739 SW 3d 25-28 29 (Tex. Crim. App. 1987). "This includes impeaching the witness with relevant evidence that might reflect bias, interest, prejudice, inconsistent statements, traits of character affecting credibility, or evidence that might go to any impairment or disability affecting the witness's credibility. Id at 29" Rankin 41, SW 3d at 345; Alexander v. State, 949 SW2d 772, 774-75 (Tex. App. Dallas, 1997, pet. ref'd)". "The trial Judge should allow the accused great latitude to show any relevant fact that might tend to affect the witness's credibility. Virts, 739 SW2d at 29; Koehler v. State 679 SW2d 6, 9 (Tex. Crim. App. 1984).

See Thomas v. State 225. sw3d 513 (Tex.Crim.App.2007), under Tex. R. App. P. 44.4 (a)(1). By contrast is designed to effect the creation of a new record, when a trial court has erroneously withheld Information necessary to evaluate a defendants claim on appeal (e.g. failure to file required findings of fact) or has Prevented the defendant from submitting information necessary to evaluate his claim (e.g. refusing to Permit an offer of Proof of being Actually Innocent.

## ENTITLEMENT TO DISCVERY

See, Goodwin v. Johnson, 132 F3d 162 (5th. Cir.1998), Id. 178, "when there is a factual Dispute,[that] if resolved in the defendants favor, would entitle[him] to Relief, He is entitled to Discovery and Evidentiary Hearing, See Perillo v. Johnson, 79 F3d 441, 44, 5th. cir. 1994)(Quoting, ward v. whitley 21 F3d 1355,67 (5th cir.1994)(alterations in original).

Seeking to Discver Exculpatory evidence Photograph of Amanda mitchell The Allege Victim, Drinking champagne out of the Bottle in white Lingerie At the Defendant Home. Evidence of the Taking of the Photo; See RR-5-61; You've Indicated, Defendant was taking Photo of you with a camera? Yes. See RR-5-25 "I turned the Bottle up, There was a Flash, He was taking a Picture of me." Picture showing NO Physical-Violence, Impeaching the Alleged Victim Testimony from RR-5-22-26; To Be False Testimony that win she, FIRST Got to defendant Home she was beat down. See Banks V. Dretke 124 s.ct. 1256 (2004).

# CERTIFICATE OF SERVICE

I here by certif that a true and complete copy of the fore going, motion for Evidentiary Hearing was via regular mail served upon the District clerk of Dallas county At 133 North Riverfront, LB-12, Dallas Texas, 75207-4313

BY GARY EUGENE SIMS, Defendant in this cause. _#1029968_

## UNSWORN DECLARATION PURSUANT TO U.S.C.1746

Defendant under the Penalty of Perjury Declares that all Facts Presented in Document are true and correct.

Signed this day by GARY EUGENE SIMS, on this the ___8___ day of April, 2015

_#1029968_

At J.B. Connally unit
899 F.M. 632, Kenedy,
Tex. 78119

**Dismissed and Opinion Filed June 4, 2015.**

*[Handwritten note: To this Opinion, I am Requesting confirmation that this is so corrected my Judgment dont Reflect the word [child] my case is about A 30, year old call Girl And not a [child]! 6-15-2015]*

In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-15-00665-CR**

**GARY EUGENE SIMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F00-45450-S**

# MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Gary Eugene Sims was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App.—El Paso July 11, 2002, pet. ref'd) (not designated for publication).[1] This Court dismissed for want of jurisdiction appellant's pro se appeal from the trial court's orders denying certain post-conviction motions both because his notice of appeal was untimely as to the orders and because the orders were not appealable. *Sims v. State*, No. 05-14-01438-CR, 2014 WL 6453607 (Tex. App.—Dallas Nov. 18, 2014, no pet.) (not designated for publication).

---

[1] The appeal was transferred from this Court to the Eighth District Court of Appeals at El Paso pursuant to a Texas Supreme Court docket equalization order.